FILED

AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2020 SEP 16 PM 12: 57

CLERK US DISTRICT COURT

| United States District Court | District: Middle |
|---|---|
| Name (under which you were convicted): Keith Dwayne Fuller | Docket or Case No.: 07-CF-019704 |
| Place of Confinement: Suwannee C.I. | Prisoner No.: #893023 |
| Petitioner (include the name under which you were convicted) Keith Dwayne Fuller | v. Respondent (authorized person having custody of petitioner) Secretary of F.D.O.C Mark Inch |
| The Attorney General of the State of: Ashly Moody | |

2:20-cv-715-FtM-38NPM

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   Lee County, Ft. Myers, Florida.

   (b) Criminal docket or case number (if you know): 07-CF-019704

2. (a) Date of the judgment of conviction (if you know): Septembemb
   (b) Date of sentencing: September 9, 2009 and V.O.P August 26, 2016

3. Length of sentence: September 9, 2009 7years D.O.C 3years probation and V.O.P 15 years

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: Count 1: Possession of Paraphernalia, Count 2 Possession with intent, Count 3: Possession of Cannibis with intent.

6. (a) What was your plea? (Check one)
   ☑ (1) Not guilty       ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty           ☐ (4) Insanity plea

Page 2 of 16

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? I've Plead not Guilty to Count 1 Possession of Paraphernalia, Count 2: possession of With intent to Sell or Deliver, to wit Cocaine Count 3: Possession with intent to Sell or Deliver, to wit Cannibis

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Second District Court of Appeal
(b) Docket or case number (if you know): 2D19-3286
(c) Result: PER CURIAM AFFIRMED
(d) Date of result (if you know): April 1, 2020
(e) Citation to the case (if you know): 388 So.2d 1021 (Fla. 1980)
(f) Grounds raised: STATES ATTORNEY: Failed to give notice of Specific Offenses to be Proven beyond Reasonable Doubt, which Caused an ambiguous Verdict that Should have been construed in favor according to the Rule of lenity.

(g) Did you seek further review by a higher state court?   ☐ Yes   ☒ No

If yes, answer the following:   N/A

(1) Name of court:
(2) Docket or case number (if you know):
(3) Result:

AO 241 (Rev. 09/17)

    (4) Date of result (if you know):    N/A

    (5) Citation to the case (if you know): _____

    (6) Grounds raised: _____

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

    If yes, answer the following:    N/A

    (1) Docket or case number (if you know): _____

    (2) Result: _____

    (3) Date of result (if you know): _____

    (4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: **20th Circuit Court Lee County**

    (2) Docket or case number (if you know): **19-CA-004570**

    (3) Date of filing (if you know): **July 10, 2019**

    (4) Nature of the proceeding: **Dismiss**

    (5) Grounds raised: **STATE ATTORNEY, Fails to give notice on what Offense defendant were to be tried on.**

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes ☒ No

    (7) Result: **Dismiss**

AO 241 (Rev. 09/17)

(8) Date of result (if you know): July 23, 2019

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: 20th Judicial Court Lee County, Florida

(2) Docket or case number (if you know): L.T. Case NO: 2019-CA-4570; 19-CA-5101

(3) Date of filing (if you know): August 5, 2019

(4) Nature of the proceeding: Dismiss

(5) Grounds raised: STATE ATTORNEY Failed to give notice to what offense were to be Proven beyond Reasonable Doubt.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result: 2nd D.C.A turned Writ of Certiorari into 3.850.

(8) Date of result (if you know): April 6, 2020

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

N/A

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: _PRECURIAM AFFIRMED_

(8) Date of result (if you know): _April 1, 2020_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☐ Yes   ☑ No

(2) Second petition:  ☐ Yes   ☑ No

(3) Third petition:   ☐ Yes   ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
_Because I were in Confindment and my 15day's for my Rehearing has came to expiration_

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

   **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** _STATE ATTORNEY: failed to give notice of what offense were going to be tried at trial._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_The Charging Document were vague and it confused the Jury and defendant of what offense, that Suppose to be prosecuted during trial, which ended in a Inconsistant and ambiguous Verdict. Therefore, the outcome violated the Defendant Due Process Clause._

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

**GROUND TWO:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

(c) **Direct Appeal of Ground Two:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☒ No

  (2) If you did **not** raise this issue in your direct appeal, explain why: My attorney did my direct appeal

(d) **Post-Conviction Proceedings:**

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ☒ Yes  ☐ No

  (2) If your answer to Question (d)(1) is "Yes," state:

  Type of motion or petition: Habeas Corpus

  Name and location of the court where the motion or petition was filed: Lee County, Florida.

  Docket or case number (if you know): 07-CF-09704

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _Ineffective Attorney_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☒ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Habeas Corpus_

Name and location of the court where the motion or petition was filed: _Lee County, Florida_

Docket or case number (if you know): _07-CF-019704_

Date of the court's decision: _July 23, 2019_

Result (attach a copy of the court's opinion or order, if available): _2nd D.C.A of Florida_

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No
(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _2nd D.C.A of Florida_

Docket or case number (if you know): _2019-CA-4570_

Date of the court's decision: _April 1, 2020_

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Date of the court's decision: July 23, 2019

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state: Writ of Certiorari

Name and location of the court where the appeal was filed: 2nd D.C.A. of Florida.

Docket or case number (if you know): 2019-CA-4570

Date of the court's decision: April 2020

Result (attach a copy of the court's opinion or order, if available): Dismiss

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : _____

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☐ Yes   ☒ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _N/A_

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _N/A_

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _N/A_

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _N/A_

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Sebouh Gourjian Esquire 2500 Airport Pulling Road South Suite 215, Naples, Florida 34112

(b) At arraignment and plea: Sebouh Gourjian Esquire 2500 Airport Road South Suite 215, Naples, Florida 34112

(c) At trial: Sebouh Gourjian

(d) At sentencing: Sebouh Gourjian

(e) On appeal: Sebouh Gourjian

(f) In any post-conviction proceeding: Pro-Se

(g) On appeal from any ruling against you in a post-conviction proceeding: Pro-Se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☑ Yes  ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Their are none

AO 241 (Rev. 09/17)



\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *28 U.S.C. § 2254 for WRIT OF HABEAS CORPUS*

or any other relief to which petitioner may be entitled.

*Pro-SE*
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *9-14-2020* (month, date, year).

Executed (signed) on *9-14-2020* (date).

*Keith D. Fuller*
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.